UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARATHON VENTRUES LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:26-CV-0187-X |
| | § | |
| MEDIA CULTURE INC., | § | |
| | § | |
| *Defendant*. | § | |

### MEMORANDUM OPINION AND FINAL JUDGMENT

Plaintiff Marathon Ventures, LLC (Marathon) filed a Motion for Default Judgment (Motion) against Defendant Media Culture, Inc. (Media Culture). (Doc. 8). Marathon obtained the clerk's default against Media Culture. (Doc. 11). For the reasons below, the Court **GRANTS** the Motion.

### I. Background

Marathon filed suit against Media Culture alleging breach of contract. Marathon sold a series of commercial airtime spaces to Media Culture, which failed to pay for the service. Marathon claims that it received multiple promises from Media Culture that payment would be forthcoming but never received payment. Marathon now claims breach of contract with $1,994,034.55 in damages, plus interest, fees and costs. Media Culture was served through its registered agent on February 3, 2026, making its answer or responsive pleading due February 24, 2026.[1] Marathon

---

[1] FED. R. CIV. P. 12(1)(A)(i).

accordingly moves for default judgement against Media Culture.[2]

## II. Legal Standards

Federal Rule of Civil Procedure 55(b)(2) provides that, in proceedings not involving a certain sum:

> the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
>
> (B) determine the amount of damages;
>
> (C) establish the truth of any allegation by evidence; or
>
> (D) investigate any other matter.

A default requires a court to accept as true a plaintiff's well-pled allegations in a complaint.[3]

In determining whether to enter a default judgment, courts conduct a two-part analysis. First, courts examine whether a default judgment is appropriate under the circumstances.[4] Relevant factors (called the *Lindsey* factors) include: (1) whether disputes of material fact exist; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether the default was

---

[2] Doc. 6 at 2.

[3] *See, e.g.*, *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 499 (5th Cir. 2015) (a complaint is well-pled when "all elements of [a] cause of action are present by implication"); *Matter of Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992) ("It is universally understood that a default operates as a deemed admission of liability.").

[4] *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would be obliged to grant a motion from the defendant to set the default judgment aside.[5]  Second, the Court assesses the merits of the plaintiff's claims and whether there is a sufficient basis in the pleadings.[6]

### III. Application

The Court deems the facts on liability to be admitted and finds Media Culture is neither incompetent nor a minor.  Affidavits support Marathon's Motion.  And while Rule 55 allows for hearings, it does not command them.

### A.    Default judgement is procedurally appropriate.

The Court now turns to the six *Lindsey* factors.[7]  First, there are no material facts in dispute because Media Culture has failed to appear or otherwise defend the action.  Second, Media Culture's failure to defend the action has brought adversarial proceedings to a halt and thus has prejudiced Marathon.  Third, default is proper due to Media Culture's failure to appear via licensed counsel to defend this action. Fourth, Media Culture has not offered any evidence that it is acting under a good faith mistake or excusable neglect.  Fifth, nothing suggests that it would be too harsh to enter default judgment against Media Culture, who received ample notice of the action and sufficient time to respond.  The sixth factor is whether the Court would grant a motion to set aside the default.  Media Culture's lack of defense indicates a

---

[5] *Id.*

[6] *Nishimatsu Constr. Co., Ltd. v. Hou. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

[7] *Lindsey*, 161 F.3d at 893.

lack of good cause for the Court to set aside the default judgment. Thus, the Court concludes that a default judgment is appropriate under these circumstances.

### B.    The merits of Marathon's claim are sufficient.

Next, the Court must assess the merits of Marathon's claim. Although Media Culture, by virtue of its default, is deemed to have admitted Marathon's well-pled allegations, the Court must nonetheless review the complaint to determine whether it established a viable claim for relief.[8]

Marathon brings a claim for breach of contract. To succeed in a breach of contract claim, a plaintiff must show (1) the existence of a valid contract (2) plaintiff's performance, (3) defendant's breach and (4) resulting damages.[9]  Marathon's complaint alleges that valid contracts existed for advertising space on various networks, in which Marathon performed, Media Culture breached by repeated promises and failures to pay the invoices, and Marathon sustained damages in the amount of $1,994,034.55—which Media Culture admits to because of its default.[10] Because all elements are met, Marathon has a valid breach of contract claim.

In addition, Marathon seeks recovery of attorney's fees and court costs. Under Texas law, a party may recover reasonable attorney's fees in addition to the amount of a valid claim when the claim is for a contract.[11]  Marathon alleges it hired legal representation as a direct result of Media Culture's breach of contract, incurring

---

[8] *Nishimatsu Const. Co., Ltd.*, 515 F.2d at 1206.

[9] *Paragon Gen. Contractors, Inc. v. Larco Constr., Inc.*, 227 S.W.3d 876, 882 (Tex. App.—Dallas 2007, no pet.).

[10] Doc. 1 at ¶¶ 19–23.

[11] TEX. CIV. PRAC. & REM. CODE § 38.001(b)(8).

attorney's fees in the amount of $11,522.50.[12]  Because Marathon's attorney's fees are a result of a claim for a written contract, Marathon's attorney's fees are recoverable. For these reasons, Marathon is entitled to judgment and fees on Counts I and II.

Marathon seeks to recover under quantum meruit in the alternative to Counts I and II.  Quantum meruit is an equitable remedy based on an implied contract.[13] Recovering on both an express contract and quantum meruit is incompatible because "[w]here there exists a valid express contract covering the subject matter, there can be no implied contract."[14]  Here, Marathon acknowledges and seeks recovery under the written contract,[15] which precludes recovering under quantum meruit.

### IV. Damages

Marathon's damages consist of unpaid compensation for services provided to Media Culture.  The affidavits and invoices submitted establish a mathematically certain amount of $1,994,034.55 in damages.[16]  This was the total of the invoices for the advertising space Media Culture ordered for its clients from Marathon between April and August 2025.  Thus, the Court finds that Marathon is entitled to this sum without an evidentiary hearing.

As the Court detailed above, Marathon is also entitled to recover its attorney's fees.[17]  The Court uses the time-honored lodestar method as its guide.  The lodestar is

---

[12] Doc. 8 at 5.

[13] *Vortt Expl. Co. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990).

[14] *Woodard v. Southwest States, Inc.*, 384 S.W.2d 674, 675 (Tex. 1964).

[15] Doc. 1 at ¶ 19.

[16] Doc. 9 at 25–642.

[17] TEX. CIV. PRAC. & REM. CODE § 38.001(b)(8).

the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work.[18]   The Court finds that the resulting lodestar is $11,522.50.  This amount represents 10.9 hours billed by Jared Inman at the hourly rate of $525, 3.6 hours billed by Marshall Smiland at an hourly rate of $375, and 17.8 hours billed by Blake Adams at an hourly rate of $250.  The Court finds this amount reflects the reasonable and necessary attorney's fees to which Marathon is entitled as the prevailing party.

Marathon is also entitled to costs of Court.  It should file a bill of costs within 14 days.  Lastly, Marathon is entitled to post-judgment interest as allowed by law.[19]

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Marathon's Motion against Media Culture.   The Court awards Marathon $1,994,034.55 in compensatory damages, $11,522.50 in attorney's fees, and post-judgment interest.  This is a final judgment.  All other relief not expressly granted is denied.

**IT IS SO ORDERED** this 18th day of June 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[18] *Combs v. City of Huntington*, 829 F.3d 388, 391 (5th Cir. 2016).

[19] See 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."). The 1-year average Treasury yield on June 11, 2026, was 3.85%. *See* Selected Interest Rates (Daily) - H.15, Board of Governors of the Federal Reserve System, June 11, 2026, at https://www.federalreserve.gov/releases/h15/.